IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| BELTON HARRIS, JR., ]<br>#96616–071, a/k/a LETT, ]<br> ]<br>-vs- ]<br> ]<br>UNITED STATES OF ]<br>AMERICA; AND JOHN J. ]<br>LAMANNA, WARDEN AT ]<br>FCI-EDGEFIELD. ]<br>_____ ] | C\A NO.9:05-2602-MJP-GCK<br><br>**ORDER** |

This case is before the Court pursuant to a report and recommendation submitted by United States Magistrate Judge George C. Kosko, to whom it was referred under 28 U.S.C. § 636 and this Court's local rules. The action was commenced by the petitioner Belton Harris Jr. against the respondents United States of America and the Warden at FCI Edgefield. Petitioner alleges that he is illegally being detained by the respondents in violation of the United States Constitution and he seeks an Order releasing him from custody pursuant to 28 U.S.C. § 2241.

Petitioner was sentenced to imprisonment following his June 27, 2000 plea of guilty on two counts of possession with intent to distribute crack cocaine. See United States v. Belton Harris, 3:99-1055 MJP (DSC 1999), *aff'd* 26 Fed Appx. 96 (4th Cir. 1001). Thereafter, petitioner sought and the Court denied relief from the conviction and sentence under 28 U.S.C. § 2255. See Harris v. United States, 3:03-0082-MJP (D.S.C. 2003), *aff'd* 112 Fed Appx. 302 (4th Cir. 2004). Apparently, recognizing that his instant petition is in essence a post conviction motion not labeled as a §2255 motion (see United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002)), petitioner nonetheless seeks to have this Court

grant him relief that is only available by way of §2255.  See United States v. Emmanuel, 288 F.3d at 648.

Upon review, the Magistrate Judge observes that Emmanuel is plainly inapposite since this is not the petitioner's first collateral attack upon his conviction.  The Court agrees.  The petitioner has previously challenged his conviction and sentence, both on direct appeal and collaterally.  The procedure outlined by the Court in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002) is not available to him.  Thus, as the Magistrate Judge has stated, petitioner's instant petition is a second and successive motion under § 2255.  To proceed pursuant to his instant petition, the petitioner is required to seek pre-filing authorization from the United States Court of Appeals for the Fourth Circuit.  See 28 U.S.C. §2255.  Therefore, the Magistrate Judge recommended that the petition be dismissed without prejudice.

Upon consideration the recommendation is approved. This action is hereby dismissed without prejudice.

IT IS SO ORDERED.

s/MATTHEW J. PERRY
SENIOR UNITED STATES DISTRICT JUDGE

**June 23, 2006**
**Columbia, South Carolina.**

2